**Jane DOE et al., Plaintiffs,**

v.

**Morris HURSH et al., Defendants.**

**Brenda RICHARDS et al., Plaintiffs,**

v.

**Morris HURSH et al., Defendants.**

Nos. 4–69–Civ. 403, 4–69–Civ. 409.

United States District Court,
D. Minnesota,
Fourth Division.

June 6, 1970.

Luther A. Granquist, Legal Aid Society, Inc., Minneapolis, Minn., for plaintiffs.

Morris Hursh, etc. Douglas M. Head, Atty. Gen., by Craig R. Anderson, Asst. Atty. Gen., St. Paul, Minn., for defendants.

Douglas McClellan, Asst. Hennepin County Atty., Minneapolis, Minn., for Thomas L. Olson et al., as members of Hennepin County Welfare Board, and Director of Welfare Department.

Gerard Snell and Robert M. Johnson, Asst. Anoka County Attys., Anoka, Minn., for Loren Turnquist, et al., members of Anoka County Welfare Board, and Director of Welfare Department.

Robert B. Danforth, Asst. Sherburne County Atty., Elk River, Minn., for Intervenor Sherburne County.

## MEMORANDUM

LARSON, District Judge.

Minnesota participates in the Federal government's Aid to Families with Dependent Children (AFDC) program, which was established by the Social Security Act of 1935. In these two actions the plaintiffs seek declaratory and injunctive relief with respect to Minnesota's so-called "90-day rule" or "three-month rule" applied to deny Aid to Families with Dependent Children benefits to otherwise eligible persons until such time as a parent has been continuously absent from home for a period of ninety days.

The two basic requirements for AFDC are that there be children who need financial assistance and who are deprived of the care or support of a parent by his continued absence from the home, his death, or his mental or physical incapacity. The phrase "continued absence from home" is defined in Minnesota Statutes 256.12, subd. 15, to be, insofar as it is challenged in this action, "absence from the home by the parent for a period of at least three months continuous duration." The plaintiffs also challenge that requirement insofar as it is contained in the Minnesota Public Welfare Manual VII–2224.02.

Except for the particular circumstances presented by the representative plaintiffs, the two actions are identical.

Both actions are brought as class actions seeking relief for all persons in Minnesota who would be eligible for AFDC except for the operation of the 90-day rule. A hearing was held before this Court on November 24, 1969, on plaintiffs' motion for temporary restraining orders, to declare a class action, and to convene a three judge court. By Order dated December 1, 1969, this Court ruled that a three judge court should be convened, that the action should proceed as a class action, that plaintiffs Doe and Richards should forthwith be granted AFDC if they met other eligibility requirements, and that pending the determination of this matter by a three judge court the defendants were enjoined from enforcing the three-month rule and denying AFDC to any person because of that rule.

 A three judge court was duly convened and these matters came on for hearing on May 25, 1970, on the motions of plaintiffs for a preliminary injunction, for a declaratory judgment, and for other injunctive relief, and on the motions of defendants for an order of dismissal or, in the alternative, for an order granting summary judgment in their favor. At the time of hearing the parties submitted a ninety-one point stipulation and submitted as a Joint Exhibit statistical summaries of public assistance trends. Pursuant to the suggestion of the Supreme Court in Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 24 L.Ed.2d 442 (1970), the Court decided that a single judge should make a determination of the statutory claim that M.S.A. 256.12, subd. 15, and section VII–2224.02 of the Minnesota Public Welfare Manual are inconsistent with Subchapter IV of the Social Security Act, 42 U.S.C. §§ 601, et seq. Because this Court determines that the claimed inconsistency exists, no determination of the Equal Protection and Due Process arguments of plaintiffs is necessary, and the three judge court is dissolved.

Congress has determined that protection of dependent children is the paramount goal of AFDC. King v. Smith, 392 U.S. 309, 325, 88 S.Ct. 2128, 20 L.

Ed.2d 1118 (1968). The statutes challenged here must be examined in light of that paramount goal. Section 406(a) of the Social Security Act defines a "dependent child" as "a needy child . . . who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent . . . ." 42 U.S.C. § 606(a). In the context of this case, the Act clearly requires participating States to furnish aid to families with children who have been deprived of parental support by reason of the continued absence from home of a parent.

The Minnesota statute creates an irrebuttable presumption that separation for less than three months is not "continued absence from home." No evidence is permitted by which this presumption can be overcome. At the time these lawsuits were filed, and up to the time the temporary restraining orders were entered, the 90-day rule was enforced by the defendants so as to deny AFDC benefits to otherwise eligible children and their caretaker until a parent had been absent from the home for a period of three months. The rule was applied to deny AFDC benefits to newborn children for a three-month period, regardless of whether the child's parent had been absent from the home prior to the child's birth, or if, as is the case of many illegitimate children, the father had never been a part of the home. The three-month rule was applied in all cases in which eligibility was based on continued absence from the home. If the absent parent had been ordered out of the home in a divorce action, or if the remaining parent or caretaker could prove the absent parent had, in fact, left permanently, the children and their caretaker were still ineligible for AFDC benefits. The only circumstances where the ninety-day rule did not apply was where AFDC eligibility was based on need, together with the death of a parent, his physical or mental incapacity, or continued absence from the home because of incarceration, or escape from incarceration.

The Federal statute contains no such rigid waiting period to establish a "continued absence." Nor is such a provision found in the interpretation of the "continued absence" requirement by the Department of Health, Education and Welfare (HEW). HEW, Handbook of Public Assistance Administration, Pt. IV, § 3422.2 (1968) (Cited hereinafter as *Handbook*). On the contrary, HEW recognizes that the nature of the absence under all the circumstances should determine whether the absence is "continued." HEW has stated, beginning as long as twenty years ago, that durational presumptions are undesirable and has recommended their removal. *Handbook*, Pt. IV, § 3422.5(1) (1969).

Congress has specifically mandated that "aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 602(a) (10). That provision, together with 42 U.S.C. § 606(a), details the obligation of the participating State. King v. Smith, *supra*, at p. 317, 88 S.Ct. 2128, 20 L.Ed.2d 1118. In King v. Smith, the Supreme Court's analysis was directed toward the term "parent" as it is used in the definition of "dependent child" in the Act. The same analysis is relevant here. While Minnesota is free to set its own standard of need and to determine the level of benefits, once a child is found to be without a parent and in need, he is eligible for AFDC benefits.

A California statute similar to the Minnesota statute was found to be inconsistent with the purpose of the Federal Social Security Act by a three judge court in Damico v. California, 2 Pov.L.Rep. para. 10,478 (N.D.Cal., No. 46538, September 12, 1969). The California rule differed from the Minnesota rule only in that it permitted the three-month presumption to be overcome when legal action had been taken to terminate the marriage, or when a parent is deported or incarcerated. The *Damico* court held that consistent with the Act and King v. Smith, *supra*, a State may not justify a durational presumption on

the grounds that it will prevent fraud and collusion by parents seeking to obtain AFDC benefits their children are in fact ineligible for. The fact that the durational presumption permits the Act to be more easily administered is also without merit, since the State may not put administrative convenience ahead of the welfare of needy children. Those same factors are cited by defendants in the instant case, and they are subject to the same infirmities as found by the *Damico* court.

■■ By holding that the State may not deny AFDC benefits to otherwise eligible children by means of the conclusive presumption of the 90-day rule, the Court does not hold that Minnesota may not set up a reasonable time period as a rebuttable evidentiary guide to determine what constitutes a "continued absence." The "continued" nature of the absence may be apparent, in an appropriate case, from the very early days of the separation. Minnesota already has guidelines which provide the county agency administering AFDC with appropriate guidelines for making that determination. Minnesota Public Welfare Manual VII–2224.02. In making the determination, Minnesota must consider all relevant factors as to whether the absence is "continued." Such a determination, based on whatever investigation is necessary, should be made with all reasonable promptness. 42 U.S.C. § 602(a) (10); *Handbook*, IV–2300(b) (5); Minnesota Public Welfare Manual VIII–6431(2).

■ From what has been said above it follows that plaintiffs are entitled to recover AFDC benefits wrongfully withheld from them because of the application of the 90-day rule. The parties have stipulated to those amounts. Under those circumstances, it would serve no useful purpose to remand this matter to the State for a determination of these amounts.

The Court expresses no opinion on the merits of the constitutional issues raised by plaintiffs.