**Virginia MOORE, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 71-C-38-A.

United States District Court, W. D. Virginia, Abingdon Division.

July 10, 1972.

Carl E. McAfee, Norton, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

WIDENER, Chief Judge.

This action was brought pursuant to § 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The final decision was that of the Appeals Council rendered on February 26, 1971, reversing a decision rendered by a hearing examiner. By the final decision, the application of plaintiff, Virginia L. Moore, which was filed on September 16, 1969, for child's insurance benefits, was denied.

Plaintiff is the maternal grandmother of the child in question. Just after the birth of the child on July 10, 1963, plaintiff and her now deceased husband took the child into their home and provided for her as though the child were their own. On January 15, 1965, after the child had been in the household approximately 18 months, the wage earner, plaintiff's husband, died. Prior to the wage earner's death, no action had been taken with reference to the adoption of the child.

On June 8, 1966, approximately one year and five months after the death of the wage earner, plaintiff saw an attorney concerning the adoption of the child. However, adoption proceedings were not instituted and plaintiff consulted another attorney who did pursue the adoption to completion. A petition for adoption was filed April 25, 1969. Such adoption became final on May 19, 1970, more than five years after the wage earner's death, an interlocutory order of adoption having been entered September 5, 1969, more than four years after his death.

This case is governed by the following provisions of the Social Security Act:

42 U.S.C. § 402(d) (§ 202(d) of the Social Security Act) (d) (1) Every child (as defined in section 416(e) of this title) of an individual * * *

who dies a fully or currently insured individual, if such child—

(A) has filed application for child's insurance benefits,

(B) * * *, and

(C) was dependent upon such individual—

&ast; &ast; &ast; &ast; &ast; &ast;

(ii) if such individual has died, at the time of such death * * * shall be entitled to a child's insurance benefit * * *.

42 U.S.C. § 416 (§ 216 of the Act) provides in part:

(e) The term 'child' means (1) the child or legally adopted child of an individual * * *. For purposes of clause (1), a person shall be deemed, as of the date of death of an individual, to be the legally adopted child of such individual if such person was at the time of such individual's death living in such individual's household and was legally adopted by such individual's surviving spouse after such individual's death but only if (A) proceedings for the adoption of the child had been instituted by such individual before his death, or (B) such child was adopted by such individual's surviving spouse before the end of two years after (i) the day on which such individual died * * * except that this sentence shall not apply if at the time of such individual's death such person was receiving regular contributions toward his support from someone other than such individual or his spouse, * * *.

&ast; &ast; &ast; &ast; &ast; &ast;

(h) (2) (A) In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this title, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant filed application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, * * *.

Since the child in question is not the child, but the grandchild of the wage earner, if benefits under 42 U.S.C. § 402(d) [§ 202(d) of the Social Security Act] are to be recovered, the child must qualify under the provisions of 42 U.S. C. § 416 (§ 216 of the Act). Section 416 in essence requires that proceedings for adoption have been instituted before the wage earner's death or that the wage earner's surviving spouse adopt the child within two years of the wage earner's death.

Section 416 also provides that in determining whether an applicant is the child or parent of an insured individual the law of the State in which the insured individual was domiciled at the date of his death must be applied, in this case the law of Virginia.

■ It is clear from the record that prior to the wage earner's death, no proceedings had been instituted for the adoption of the child. It is also uncontested that no final order of adoption was rendered until May 19, 1970, and no interlocutory decree until September 5, 1969. Since the wage earner died on January 15, 1965, neither order falls within the requirement of § 416 that the child be adopted by the surviving spouse within two years of the death of the wage earner.

The record shows that on June 8, 1966, approximately one year and five months after the wage earner's death, plaintiff did see an attorney concerning the adoption of the child. At that time, plaintiff paid the attorney $10 down and received a receipt which was marked "for: divorce" but which plaintiff testified was for the adoption. This is apparently corroborated by a letter from the attorney. Another receipt, dated November 3, 1966, from the same attorney, shows receipt of $25 "for: adoption." Plaintiff testified that about a year passed before she realized that no action had been taken by the attorney. For this reason, plaintiff employed an-

other attorney, who filed the adoption petition April 25, 1969.

Even if conceivable that plaintiff's actions in employing the first attorney might be construed as the institution of proceedings within the meaning of § 416 of the Act, the only way that the *institution* of adoption proceedings brings one within the provisions of § 416 is if the proceedings are instituted *before* the death of the wage earner. Here, plaintiff's initial counsel was not employed until June 8, 1966, well after the death of the wage earner on January 15, 1965. Accordingly, the actions of the plaintiff employing the attorney in 1966 do not bring her case within § 416 relating to institution of adoption proceedings.

Although it is unfortunate that plaintiff's initial counsel did not pursue the adoption to completion within the two year period, it is apparent that no one ever thought of Social Security benefits until after April 25, 1969, when a case worker, obviously investigating the adoption, advised the plaintiff to sign up for them.

■ The final adoption order entered May 19, 1970 contains language which plaintiff contends should be construed as making the order effective at an earlier date. The following language of the order is pertinent:

"And it further appearing to the Court that the infant child has since birth been living and residing with the said Virginia Moore and during his lifetime, Lonnie Moore, now deceased, and that Virginia Moore and Lonnie Moore, during his lifetime, have assumed all responsibilities for the financial support, maintenance and education of the infant child since birth and the *Court doth further ADJUDGE, ORDER AND DECREE that all of the requirements of the adoption of the said Virginia Lou Marie Church have been met since January 15, 1966.*" [Emphasis added]

Even though the date of January 15, 1966, referred to in the order, is within the two year period required by § 416 of the Social Security Act, the court is of opinion that the order is not effective retroactively. It appears from the face of the order itself that it does not purport to be effective retroactively. The language merely states that all of the substantive requirements for adoption were met at an earlier date. The order does not take the form of an order *nunc pro tunc*; in fact, the order expressly states that "henceforth" the child shall be deemed to be that of the plaintiff, Virginia Moore. Moreover, while Virginia recognizes the authority of its courts to enter orders *nunc pro tunc,* such authority is restricted to placing upon the record evidence of prior judicial action actually taken. Sauls v. Thomas Andrews & Co., 163 Va. 407, 175 S.E. 760 (1934). Accordingly, the court is of opinion that the adoption order was not intended to be effective, nor was it effective, retroactively, and that the requirement of § 416 of the Act that the child be adopted by the surviving spouse within two years of the wage earner's death has not been met.

■ Finally, plaintiff contends that she is entitled to benefits pursuant to the doctrine of equitable adoption. According to 42 U.S.C. § 416(h) (2) (A), in determining whether an applicant is the child or parent of a fully insured individual the law to be applied is "such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which * * * such insured individual * * * was domiciled at the time of his death * * *" Therefore, only if Virginia follows the doctrine of equitable adoption in the devolution of intestate personal property may plaintiff rely upon such doctrine. Plaintiff is unable to cite any authority for the proposition that Virginia follows the doctrine of equitable adoption, and, indeed, it appears that it does not. In Clarkson v. Bliley, 185 Va. 82, 38 S.E.2d 22 (1946), the Supreme Court of Virginia held that even a contract to adopt a child (which was subsequently breached) would not entitle such child to share in decedent's intes-

tate personalty. The court is of opinion that the doctrine of equitable adoption has no application to this case.

The court reluctantly concludes that Mrs. Moore's grandchild, whom she adopted, cannot be considered a child of her deceased husband under the provisions of the Social Security Act and thus she is not entitled to benefits.

An order is this date entered consistent with this opinion.