Gail **HUBERT**, individually and on behalf of her minor sons, Austin, Jr., Anthony and Tracy Hubert, and in behalf of persons similarly situated

v.

Herschel **SAUCIER**, individually and in his official capacity as Acting Director of the Division of Family and Children Services of the Department of Human Resources, and J. Battle Hall, individually and in his official capacity as Acting Commissioner of the Department of Human Resources.

Civ. A. No. 16703.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 1, 1972.

Jay Loeb, David A. Webster, Michael H. Terry, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., Thomas H. Boyd, Asst. Atty. Gen., Atlanta, Ga., for defendants.

Before MORGAN, Circuit Judge, and EDENFIELD and O'KELLEY, District Judges.

**PER CURIAM:**

This suit challenges the Georgia State Plan for Aid to Families with Dependent Children, as administered by defendants, on the ground that it does not comply in certain respects with Sections 402(a)(10) and 406(a) of the Social Security Act, 42 U.S.C. §§ 602(a)(10), 606(a) (1970), as well as pertinent regulations issued by the United States Department of Health, Education, and Welfare, 45 C.F.R. § 233.90 (1971), and on the ground that it is in certain respects unconstitutional on its face and as applied to plaintiff and others similarly situated. The suit was brought under 42 U.S.C. § 1983 (1970) and jurisdiction was invoked pursuant to 28 U.S.C. § 1343 (1970). A three-judge court was convened pursuant to 28 U.S.C. § 2281 (1970), and a hearing on plaintiff's motion for a preliminary injunction has been set for Wednesday, September 6, 1972.

In Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), the Supreme Court suggested that cases of this nature involving both statutory and constitutional claims which have been presented to a properly convened three-judge district court might best be handled by initially remanding the statutory claims to the originating single district judge for findings and determinations and then, if necessary, reconvening the three-judge panel to hear the constitutional claims. A district court in Minnesota, presented with statutory and constitutional claims challenging Minnesota's compliance with the very statutes involved in the instant case adopted this suggestion, and the originating single district judge to whom the statutory claims were remanded was able to dispose of the entire case on the basis of the statutory claims. Doe v. Hursh, 337 F.Supp. 614 (D.Minn. 1970).

Accordingly, the instant case is remanded to the originating district judge, Judge Newell Edenfield, for find-

**154**

ings and determinations of plaintiff's statutory claims, and the hearing set for September 6, 1972 will be presided over by Judge Edenfield and devoted to those claims. In addition, since this case involves an interpretation of regulations issued by the United States Department of Health, Education, and Welfare, the United States Marshal is directed to immediately serve a copy of the complete record in this case upon Mr. Will Hastings, General Counsel for the United States Department of Health, Education, and Welfare, Washington, D. C., and upon Mr. Carl Harper, Regional Counsel for that Department, Peachtree–7th Building, Atlanta, Georgia, so that the Department may file a brief *amicus curiae* and provide this court with the benefit of its expertise in this area.

It is so ordered.