NORTON, A MINOR, BY CHILES *v.* MATHEWS,
SECRETARY OF HEALTH, EDUCATION,
AND WELFARE

No. 74–6212. Argued January 13, 1976—Decided June 29, 1976

BLACKMUN, J., delivered the opinion of the Court, in which BURGER, C. J., and STEWART, WHITE, POWELL, and REHNQUIST, JJ., joined. STEVENS, J., filed a dissenting opinion, in which BRENNAN and MARSHALL, JJ., joined, *post,* p. 533.

*C. Christopher Brown* argued the cause and filed briefs for appellant.

*Deputy Solicitor General Jones* argued the cause for appellee. With him on the brief were *Solicitor General Bork, Assistant Attorney General Lee, Harriet S. Shapiro,* and *William Kanter.*[*]

MR. JUSTICE BLACKMUN delivered the opinion of the Court.

On the merits, this case raises the same question as to the constitutionality of §§ 202 (d)(3) and 216 (h)(3)(C)(ii) of the Social Security Act, 64 Stat. 484, as amended, and 79 Stat. 410, 42 U. S. C. §§ 402 (d)(3) and 416 (h)(3)(C)(ii), as was presented in *Mathews* v. *Lucas, ante,* p. 495. The present litigation, however, also raises certain jurisdictional issues. It now has become apparent that the simultaneous submission of *Lucas* to the Court, and our decision in that case today, make it unnecessary for us specifically to decide the jurisdictional questions.

I

Appellant Gregory Norton, Jr., was born out of wedlock in February 1964. Both his father and his mother then were high school students, aged, respectively, 16 and 14, who lived separately at home with their parents.

_____

[*]*Thomas R. Adams* filed a brief for John J. Romero, Jr., as *amicus curiae* urging reversal.

The two never married and, indeed, never lived together. Appellant always has resided with his maternal grandmother and has been cared for by her. When Gregory was born, his father contributed six dollars and some clothing and other habiliments for the baby, but, being so young and unemployed, he never assumed appellant's actual support.

In February 1965 the father entered military service. He was killed in Vietnam on May 19, 1966, at age 19. Before his death, the father apparently took some initial steps (the procurement of a birth certificate and other items) necessary for the processing of a dependent child's military allotment. The father failed, however, to complete the required procedures before he was killed.

In September 1969 appellant's maternal grandmother filed on his behalf an application for a surviving child's benefits under § 202 (d)(1) of the Act, 42 U. S. C. § 402 (d)(1), based on the father's earnings record. An administrative hearing followed. The Hearing Examiner concluded that appellant was not entitled to benefits as a dependent child because his father, at the time of his death, was neither living with appellant nor contributing to appellant's support.[1] App. 13–19. The subse-

---

[1] Section 202 (d)(1) provides survivorship benefits only to a child who was "dependent" upon the deceased insured parent at the time of the parent's death. A legitimate child, a child entitled under the intestacy laws of the insured parent's domicile to inherit personal property from the parent, a child whose illegitimacy results from a formal defect in the parents' purported marriage ceremony, and a child acknowledged in writing by the insured father as his son or daughter or judicially decreed (during the father's lifetime) to be such, are all deemed under the Act to be dependent upon the parent, unless the child has been adopted by some other individual, and thus are relieved of otherwise proving actual dependency. §§ 202 (d)(1), 202 (d)(3), 216 (e), 216 (h)(2), and 216 (h)(3) (C)(i), 42 U. S. C. §§ 402 (d)(1), 402 (d)(3), 416 (e), 416 (h)(2), and 416 (h)(3)(C)(i) (1970 ed. and Supp. IV). Since appellant

quent administrative appeal was no more successful. *Id.,* at 20–21.

The present action was then instituted on behalf of appellant against the Secretary of Health, Education, and Welfare. By the complaint, relief was sought alternatively on statutory and constitutional grounds. First, it was asserted that, by his attempt to secure a military allotment for appellant, the father, at the time of his death, in fact was contributing to appellant's support, within the meaning of § 216 (h)(3)(C)(ii) of the Act, and that appellant therefore was a dependent of the father, under §§ 202 (d)(1) and (3) (1970 ed. and Supp. IV), and entitled to benefits. Second, it was asserted that, by creating a presumption of dependency, and consequent qualification for benefits, for legitimate children generally, and for illegitimate children under certain circumstances, see n. 1, but denying the presumption to appellant and others similarly situated, the Act discriminated against appellant's class, in violation of the guarantee of equal protection implicit in the Due Process Clause of the Fifth Amendment.

Appellant's statutory claim was initially considered and rejected by a single District Judge. *Norton* v. *Richardson,* 352 F. Supp. 596 (Md. 1972). In view of the complaint's request for certification of a class pursuant to Fed. Rule Civ. Proc. 23 (c)(1), and for classwide injunctive relief against the alleged unconstitutional operation of the Act's presumptions of dependency, a three-judge court was convened under 28 U. S. C. §§ 2282 and 2284 (1970 ed. and Supp. IV) to pass upon the constitutional

---

did not come within any of these categories, he could establish his status as a dependent child under the Act only by showing that his father lived with him or contributed to his support at the time of his death. §§ 202 (d)(3) and 216 (h)(3)(C)(ii), 42 U. S. C. §§ 402 (d)(3) and 416 (h)(3)(C)(ii). See generally *Mathews* v. *Lucas, ante,* p. 495.

claim. The three-judge court first agreed with, and re-affirmed, the single judge's rejection of appellant's statutory claim. *Norton* v. *Weinberger,* 364 F. Supp. 1117, 1120 (1973). The court went on to identify the plaintiff class, *id.,* at 1120–1121,[2] but on the merits of the constitutional claim it ruled in favor of the Secretary and granted summary judgment in his favor. *Id.,* at 1121–1131.

Appellant, taking the position that the three-judge court had denied his request for an order enjoining enforcement of provisions of the Act, lodged a direct appeal here pursuant to 28 U. S. C. § 1253. While his jurisdictional statement was pending, *Jimenez* v. *Weinberger,* 417 U. S. 628 (1974), was decided. This Court thereafter vacated the three-judge court's judgment and remanded the case for further consideration in the light of *Jimenez.* *Norton* v. *Weinberger,* 418 U. S. 902 (1974).

On the remand, the same three-judge court, with one judge now dissenting, adhered to its earlier conclusion in favor of constitutionality. *Norton* v. *Weinberger,* 390 F. Supp. 1084 (1975). Appellant has again appealed. We postponed the question of jurisdiction to the hearing of the case on the merits, 422 U. S. 1054 (1975), and, in doing so, cited *Weinberger* v. *Salfi,* 422 U. S. 749, 763 n. 8 (1975), which just then had been decided. Subsequently, we set the case for oral argument with *Mathews* v. *Lucas, ante,* p. 495. 423 U. S. 819 (1975).

## II

The question whether the three-judge court was properly convened upon appellant's demand for injunctive re-

---

[2] The definition of the class, however, does not appear to have been formalized in the three-judge court's judgment. App. 59.

lief is relevant, of course, to our appellate jurisdiction. If the court was not empowered to enjoin the operation of a federal statute, then three judges were not required to hear the case under 28 U. S. C. § 2282, and this Court has no jurisdiction under 28 U. S. C. § 1253.[3] Accordingly, appellant and the Secretary have debated whether the District Court possessed injunctive power under § 205 (g) of the Act,[4] 42 U. S. C. § 405 (g), and whether, in the light of § 205 (h),[5] 42 U. S. C. § 405 (h), relief was available under the mandamus statute, 28 U. S. C.

---

[3] In contrast to the situation in *Weinberger* v. *Salfi,* 422 U. S. 749, 763 n. 8 (1975), there is no jurisdiction here under 28 U. S. C. § 1252, since the District Court's decision was in favor of the statute's constitutionality.

[4] Section 205 (g) reads in pertinent part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . . As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

[5] Section 205 (h) reads in pertinent part:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 and other specified sections] of Title 28 to recover on any claim arising under this [subchapter II of the Social Security Act]."

See *Weinberger* v. *Salfi,* 422 U. S., at 756 n. 3.

§ 1361,[6] or under the Administrative Procedure Act, 5 U. S. C. § 701 *et seq.*[7]

We think it unnecessary, however, to resolve the details of these difficult and perhaps close jurisdictional arguments. The substantive questions raised on this appeal now have been determined in *Mathews* v. *Lucas, ante,* p. 495.[8] This disposition renders the merits in the

---

[6] The initiating judge observed that jurisdiction for his court was asserted under the general federal-question provision of 28 U. S. C. § 1331, and under 28 U. S. C. § 1361, vesting the district courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Norton* v. *Richardson,* 352 F. Supp. 596, 598 n. 2 (Md. 1972).

[7] The Solicitor General contends that a district court has jurisdiction to review a Social Security ruling only under § 205 (g) because § 205 (h) specifically excludes any other source of review of such determinations. He then contends that, for two reasons, there was no jurisdiction here to issue an injunction under § 205 (g). First, § 205 (g) in terms specifies that a district court may enter a judgment only "affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing," but does not say it may enjoin him, and, moreover, in this statutory structure an injunction is out of place. Second, although the suit was made to sound as a class action, a class action is never appropriate under § 205 (g), and in any case the class was not properly certified, inasmuch as there was no allegation that the members had even filed applications for benefits; thus there is no jurisdiction over the class aspects of the case. *Weinberger* v. *Salfi, supra,* is cited. Since only the individual claim remains, even if injunctive power were available under § 205 (g), it would not be appropriately exercised in review of a single claimant's case.

The appellant contends in rebuttal that the "affirming, modifying, or reversing" language in § 205 (g) does not withdraw a district court's general and inherent equity powers, including the power to enjoin, and that, in any event, jurisdiction remains, and an injunction may be issued, under the other cited statutes.

[8] The respective jurisdictional statements for the original appeal and for the present one preserved appellant's statutory claim along with his constitutional contention. The statutory claim, however,

present case a decided issue and thus one no longer substantial in the jurisdictional sense.

Assuming that the three-judge court was correctly convened, and that we have jurisdiction over the appeal, the appropriate disposition, in the light of *Mathews* v. *Lucas,* plainly would be to affirm the judgment entered in this case in favor of the Secretary. Assuming, on the other hand, that we lack jurisdiction because the three-judge court was needlessly convened, the appropriate disposition would be to dismiss the appeal. When an appeal to this Court is sought from an erroneously convened three-judge district court, we retain the power " 'to make such corrective order as may be appropriate to the enforcement of the limitations' " which 28 U. S. C. § 1253 imposes. *Bailey* v. *Patterson,* 369 U. S. 31, 34 (1962), quoting *Gully* v. *Interstate Natural Gas Co.,* 292 U. S. 16, 18 (1934). What we have done recently, and in most such cases where the jurisdictional issue was previously unsettled—and we do not imply that our doing so is statutorily or otherwise compelled—has been to vacate the district court judgment and remand the case for the entry of a fresh decree from which an appeal may be taken to the appropriate court of appeals. *Gonzalez* v. *Employees Credit Union,* 419 U. S. 90, 101 (1974), is an example. In the present case, however, the decision in *Lucas* has rendered the constitutional issues insubstantial and so much so as not even to support the jurisdiction of a three-judge district court to consider their merits on remand. See, *e. g., Hicks* v. *Miranda,* 422 U. S. 332, 343–345 (1975); *Hagans* v. *Lavine,* 415 U. S. 528, 536–538 (1974). Thus, there is no point in remanding to enable the merits to be considered by a court of

---

was not pressed in appellant's brief in the present case, and at oral argument it explicitly was abandoned. Tr. of Oral Arg. 5–6.

appeals. See *McLucas* v. *DeChamplain,* 421 U. S. 21 (1975).[9]

It thus is evident that, whichever disposition we undertake, the effect is the same. It follows that there is no need to decide the theoretical question of jurisdiction in this case. In the past, we similarly have reserved difficult questions of our jurisdiction when the case alternatively could be resolved on the merits in favor of the same party. See *Secretary of the Navy* v. *Avrech,* 418 U. S. 676 (1974). The Court has done this even when the original reason for granting certiorari was to resolve the jurisdictional issue. See *United States* v. *Augenblick,* 393 U. S. 348, 349–352 (1969). Although such a disposition would not be desirable under all circumstances, we perceive no reason why we may not so proceed in this case where the merits have been rendered plainly insubstantial. Cf. *McLucas* v. *DeChamplain,* 421 U. S., at 32. Making the assumption, then, without deciding, that our jurisdiction in this cause is established, we affirm the judgment in favor of the Secretary

---

[9] In *McLucas* a single District Judge enjoined the enforcement of Art. 134 of the Uniform Code of Military Justice, 10 U. S. C. § 934, without convening a three-judge court. He did so because he considered the constitutional infirmity of the Article to be plain. See *Bailey* v. *Patterson,* 369 U. S. 31 (1962). On direct appeal, under 28 U. S. C. § 1252, the propriety of proceeding without a three-judge court was questioned. We observed that if a three-judge court was originally required under 28 U. S. C. § 2282, we ordinarily were bound to vacate the judgment and remand for the convening of a three-judge court. *Flemming* v. *Nestor,* 363 U. S. 603, 607 (1960); *FHA* v. *The Darlington, Inc.,* 352 U. S. 977 (1957). Concluding, however, that no purpose could be served by deciding whether a three-judge court was required originally, because intervening decisions of this Court sustaining the constitutionality of Art. 134 had rendered the merits issue plainly insubstantial by the time the case was before us, we vacated the judgment and remanded the case, directing dismissal. 421 U. S., at 32.

on the basis of our decision in *Mathews* v. *Lucas, ante,* p. 495.

*It is so ordered.*

MR. JUSTICE STEVENS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

In *Jimenez* v. *Weinberger,* 417 U. S. 628, this Court held, *sub silentio,* that a three-judge court was properly convened in a case raising the same jurisdictional issue this case raises. See *Jimenez* v. *Weinberger,* 523 F. 2d 689, 693 n. 5 (CA7 1975).

In 1974 when this Court vacated the judgment of the three-judge court in this case and remanded for further consideration in light of the *Jimenez* case, *Norton* v. *Weinberger,* 418 U. S. 902, the Court again implicitly held that the three-judge court had been properly convened. See *ante,* at 529 n. 3.

Today the Court enters a judgment of affirmance which it has no power to enter unless the three-judge court was properly convened. For we have no jurisdiction over a direct appeal from a district court order denying an injunction unless a three-judge district court was *required.* 28 U. S. C. § 1253. Since I believe such a court was required to consider the appellant's constitutional claim, I am satisfied that we have jurisdiction over this appeal.

The jurisdictional statute, § 205 (g) of the Social Security Act, 42 U. S. C. § 405 (g), authorizes the claimant to commence a "civil action" against the Secretary to obtain review of an adverse decision. In such an action the Secretary is a litigant. If the Secretary's decision rested on a statutory provision which is challenged as unconstitutional, the District Court has jurisdiction to decide the constitutional issue. *Weinberger* v. *Salfi,* 422

U. S. 749, 762, 764. Before this Court raised the question on its own initiative in that opinion, *id.*, at 763 n. 8, this Court, the lower federal courts,[1] and the Secretary himself,[2] had uniformly assumed that if the district court should hold the statute unconstitutional, it could then enter appropriate injunctive relief. I believe this uniform understanding of the meaning of the statute is correct.

The Secretary argues, however, that injunctive relief is superfluous in an action by an individual plaintiff, since he can obtain all the relief to which he is entitled by an order "affirming, modifying, or reversing" the administrative decision. The Secretary also argues that the same reasoning applies to class actions, since an application for benefits by unnamed members of the plaintiff class and a denial of benefits are jurisdictional prerequisites to an action under § 205 (g). Alternatively, the Secretary contends that a plaintiff class will never

---

[1] See, *e. g., Jimenez* v. *Richardson,* 353 F. Supp. 1356, 1358 (ND Ill. 1973), vacated and remanded on other grounds *sub nom. Jimenez* v. *Weinberger,* 417 U. S. 628; *Maracle* v. *Richardson,* 348 F. Supp. 234, 235, 237 (WDNY 1972) (three-judge court); *Williams* v. *Richardson,* 347 F. Supp. 544, 548, 552 (WDNC 1972) (three-judge court).

[2] The Secretary has repeatedly asserted jurisdiction in this Court under 28 U. S. C. § 1253 where a three-judge District Court has enjoined enforcement of provisions of the Social Security Act. See Jurisdictional Statement in *Mathews* v. *Diaz,* O. T. 1973, No. 73–1046, p. 2; Jurisdictional Statement in *Weinberger* v. *Salfi,* O. T. 1974, No. 74–214, p. 2; Jurisdictional Statement in *Weinberger* v. *Wiesenfield,* O. T. 1974, No. 73–1892, p. 2. Indeed, when the present case was first here, the Secretary moved to affirm, not to dismiss for want of jurisdiction, even though no greater basis for jurisdiction was present then than now. See Jurisdictional Statement in *Norton* v. *Weinberger,* O. T. 1973, No. 73–5598, p. 2, Motion to Affirm 1. See also Brief for Appellee in *Jimenez* v. *Weinberger,* O. T. 1973, No. 72–6609, p. 2.

be proper in a § 205 (g) action, and in any event, that a plaintiff class could not properly be certified in this case.

Even asuming that equitable relief is unavailable to a plaintiff suing only on his own behalf, the Secretary's conclusions with respect to class actions in general, and with respect to the present class action in particular, do not follow. Indeed, the Secretary's argument proves too much. Injunctive relief in a class action is so similar to that expressly authorized by § 205 (g) that Congress could not have intended to allow one but not the other. The Secretary suggests only one distinction between an order reversing or modifying the denial of benefits to the members of a plaintiff class and an injunction requiring payment of benefits to all such persons: if an official disobeys an order reversing or modifying a decision of the Secretary, he cannot be held in contempt without issuance of mandamus or injunctive relief compelling compliance with the order; but if he disobeys an injunction, he may be held in contempt immediately.[3] Surely Congress did not intend § 205 (g) to provide reluctant federal officials with a means of delay in the remote eventuality that they might not feel bound by the judgment of a federal court. Assuming a district court may issue classwide relief reversing or modifying a decision of the Secretary, I see no reason why it may not issue injunctive relief of equal breadth and virtually identical effect.

Nor can I accept the Secretary's argument that a plaintiff class may never be properly certified in a § 205 (g) action or that no class could properly be certified in this case. He contends that since § 205 (g) permits review only of "any final decision of the Secretary made after a hearing to which [the plaintiff] was a party," it manifests a congressional intent that judicial review proceed only on a case-by-case basis. I fail to see, however,

---

[3] Tr. of Oral Arg. 33–35.

why the need for case-by-case adjudication is not fully
satisfied by limiting the plaintiff class to those who have
satisfied the prerequisites to an action under § 205 (g).[4]
By definition, such persons have been denied relief for
failure to meet the statutory requirement under consti-
tutional attack[5] and upon an administrative record
sufficiently complete to permit judicial review. Once
such persons are identified from their administrative
records, relief may be granted expeditiously.[6] Although

---

[4] These prerequisites are: "(1) a final decision of the Secretary
made after a hearing; (2) commencement of a civil action within
60 days after the mailing of notice of such decision (or within such
further time as the Secretary may allow); and (3) filing of the
action in an appropriate district court, in general that of the plain-
tiff's residence or principal place of business." *Weinberger* v. *Salfi*,
422 U. S. 749, 763–764. The last two requirements may be waived
entirely by the Secretary and the first may be partially waived or
satisfied by less than literal compliance. See *id.*, at 763–767;
*Mathews* v. *Eldridge*, 424 U. S. 319, 326–332; *Mathews* v. *Diaz*,
426 U. S. 67, 75–77.

[5] The District Court certified the plaintiff class "to include all of
those persons otherwise eligible for child's insurance benefits under
42 U. S. C. § 402 (d)(1) but who cannot qualify for such child's
insurance benefits solely because they cannot meet the requirement
of 42 U. S. C. § 416 (h)(3)(C)(ii) that they be living with or
supported by their father on the date on his death." *Norton*
v. *Weinberger*, 364 F. Supp. 1117, 1121 (Md. 1973). Although
this class is too broadly defined, it may be appropriately nar-
rowed to include only those who satisfy the prerequisites to an
action under § 205 (g). See n. 7, *infra*.

[6] The Secretary also suggests that a plaintiff class would fail to
satisfy the requirement that "the questions of law or fact common
to the members of the class predominate over any questions
affecting only individual members." Fed. Rule Civ. Proc. 23 (b)
(3). He contends that individual members of the plaintiff class
probably will assert independent grounds for relief that they do
not share with the class. However, if the class action succeeds
on the merits, such claims would simply become moot. In any
event, the class in this case was certified under the separate

the plaintiff class in this case was erroneously defined to include persons who did not satisfy the prerequisites for judicial review specified in § 205 (g), the overbreadth of the class did not deprive the District Court of jurisdiction over members of the class properly before it.[7] Nor would it prevent later certification of an appropriate, narrower class. Cf. *Jimenez* v. *Weinberger*, 523 F. 2d, at 695.[8]

---

requirements of Fed. Rule Civ. Proc. 23 (b)(2). 364 F. Supp., at 1120.

[7] The Secretary argues to the contrary, relying upon a statement in *Salfi* that a similar defect in the class action allegations in that case deprived the District Court of jurisdiction over the entire class. *Weinberger* v. *Salfi, supra,* at 764. However, the statement in *Salfi* was unnecessary to the decision in that case, since this Court possessed jurisdiction over the case on independent grounds and relief was ultimately denied on the merits. See 422 U. S., at 763 n. 8, 767–785. This Court has subsequently pointed out in a similar situation that the question whether a properly defined class may be certified need not be reached. *Mathews* v. *Diaz, supra,* at 71–72, n. 3. Accordingly, I do not read the statement in *Salfi* to preclude certification of a more narrowly defined class in this case. The District Court possessed jurisdiction over those members of the certified class who satisfied the prerequisites of a § 205 (g) action. It follows that it possessed jurisdiction to grant injunctive relief to that subclass and that the denial of such relief is appealable to this Court under 28 U. S. C. § 1253.

[8] The Secretary asserts that a limited class would not satisfy the "numerosity" requirement of Fed. Rule Civ. Proc. 23 (a)(1): "the class [must be] so numerous that joinder of all members is impracticable." But as a general matter, one surely cannot say that this requirement could *never* be satisfied in any § 205 (g) action that might be brought. The Secretary offers no justification for such a broad assertion. Even if the Secretary has advanced a colorable claim on this record that a plaintiff class could not be certified in accord with the requirements of Rule 23, surely the jurisdiction of this Court—the question directly at issue—should not turn on that question. Such a jurisdictional rule would only increase the burden of three-judge court litigation to the breaking point, particularly as it affects the summary dispositions of this Court.

Accordingly, I would hold that the District Court had power to issue injunctive relief after certification of the plaintiff class and that an appeal from denial of such relief lies under 28 U. S. C. § 1253.

On the merits, I dissent for the reasons stated in my dissenting opinion in *Mathews* v. *Lucas, ante,* p. 516. I would reverse the judgment of the District Court.