Luisa CRUZ and Eulalio Cardona, by his parent and natural guardian, Lydia Cardona

v.

Joseph CALIFANO, Jr., Secretary of Health, Education and Welfare.

Civ. A. No. 77–2234.

United States District Court, E. D. Pennsylvania.

Jan. 13, 1978.

Sheryl Dicker, Douglas G. Dye, Community Legal Services, Philadelphia, Pa., for plaintiff.

Larry K. Banks, Soc. Sec. Div., Silver Spring, Md., Robt. S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

HUYETT, District Judge.

Plaintiffs, applicants for Supplemental Security Income (S.S.I) Benefits, challenge the failure of the Secretary of Health, Education and Welfare (Secretary) to provide Spanish notices and appeal forms to applicants for Social Security (S.S.A.) and S.S.I. benefits. Plaintiffs contend that defendant's use of English-only notices violates the Constitution, Title VI of the Civil Rights Act of 1964, and the Social Security Act; and that defendant should be ordered to print and provide notices and appeal forms in Spanish. Additionally, plaintiffs request that their claims for S.S.I. benefits be remanded for a hearing de novo. Plaintiffs seek to certify pursuant to Fed.R.Civ. Proc. 23(b)(2) a class of all Puerto Rican and other Hispanic persons residing in Pennsylvania who are unable to read, write or speak English, who have applied for S.S.I. or S.S.A. benefits and have been denied a full procedural opportunity to present and support their claims for benefits because of their inability to comprehend the English-only notices and forms used by the Social Security Administration.

In the amended complaint, plaintiff Luisa Cruz alleges that she filed for S.S.I. benefits, and that her claim was eventually denied. Plaintiff Cruz alleges that she mistakenly waived her right to appear in person before the Administrative Law Judge because she was unable to read the Request for a Hearing Form—printed in English—which was completed for her by a Social Security Claims Representative. Cruz states that she would not have waived her right to a hearing if she had been able to read the form; thus, the Secretary's use of English-only forms effectively denied her of a full and fair opportunity to present evidence in support of her claim.

The amended complaint further alleges that Lydia Cardona filed an application for S.S.I. benefits on behalf of her son, plaintiff Eulalio Cardona. Mrs. Cardona alleges that, because of her inability to read English, she was unable to read the notice she received concerning denial of benefits to her son and, therefore, was unaware that she could request a hearing. The Social Security District Office subsequently has refused to reopen the decision against plaintiff and grant her a hearing.

## JURISDICTION

■ Prior to considering the requirements of Rule 23, first we consider the threshold issue of a district court's jurisdiction to entertain a class action in a case arising under the Social Security Act, in view of the Supreme Court's decision in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), that 42 U.S.C. § 405(g) is the exclusive jurisdictional base for a district court to review a decision of the Social Security Administration. In *Liberty Alliance of the Blind v. Califano,* 568 F.2d 333 (3d Cir. 1977), the Court of Appeals for the Third Circuit held that § 405(g) does not preclude certification of a class of Social Security claimants who have received a "final decision" of the Secretary,[1] so long as the other requirements of

---

1. Section 405(g) provides in part:

   Any individual, after any *final decision* of the

   Secretary made after a hearing to which he was a party, irrespective of the amount in

Rule 23 are met. Here, the named plaintiffs have all received final decisions of the Social Security Administration, and the plaintiff class has been defined to include only those persons who have received a "final decision." Therefore, we conclude that we have jurisdiction.

■ One further jurisdictional issue remains; namely, whether 42 U.S.C. § 405(g) limits the power of the district court to enter injunctive relief, as requested by the plaintiffs in this case. That section provides, in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reserving the decision of the Secretary, with or without remanding the cause for rehearing.

42 U.S.C. § 405(g). The Supreme Court in *Norton v. Mathews*, 427 U.S. 524, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976) specifically reserved the issue of whether § 405(g) restricts the district court's inherent injunctive power. Thus, the issue remains unsettled.

Courts which have considered this question have generally held that the district court's traditional injunctive powers are not limited by § 405(g). *E. g., In Re Letourneau*, 559 F.2d 892 (2d Cir. 1977); *Johnson v. Mathews*, 539 F.2d 1111 (8th Cir. 1976). The court in *In Re Letourneau* noted that the language of § 405(g), in itself, does not place any limit upon the court's inherent power; rather the statute speaks expansively of what a court may do. Thus, we agree with the *Letourneau* court and conclude that the district court retains the power to grant injunctive relief in this case.

## CLASS ACTION REQUIREMENTS

In order for a class action to be maintainable the plaintiffs must demonstrate that they meet all of the requirements of Rule 23(a) and of one of the subsections of Rule 23(b). In addition, the plaintiff must demonstrate that an ascertainable class exists of which he or she is a member. We conclude that all of these requirements are met in this case.

■ Defendants do not seriously contest the numerosity of the class, the existence of common questions of fact or law, or the adequacy of representation. Defendant's major contentions are (1) that the class itself is too amorphous and not readily identifiable, and (2) the claims of the named plaintiffs, who were denied S.S.I. benefits, are not "typical" with respect to those persons who were denied S.S.A. benefits. As to the latter objection, we conclude, as defendant's counsel conceded at oral argument, that claims for S.S.I. and S.S.A. benefits are, administratively and procedurally, accorded identical treatment. Named plaintiffs' claims are thus typical of those of all proposed class members with respect to the procedures under attack here.

■ The former objection, relating to the existence of a readily identifiable class, is more substantial. It is defendant's argument that mere inability to understand the English notices and appeal forms should not be grounds for reconsideration of an applicant's claim; in other words, a claimant may have failed to file his appeal or request a hearing on his claims for reasons having nothing to do with his inability to read English. However, we believe that defendant misperceives the crux of plaintiffs' claim. Plaintiffs are contending that the *procedure* of using English-only appeal forms and notices violates the constitutional and statutory rights of the class because it denies them the opportunity to obtain a full and fair consideration of their claims. We believe that there exists an identifiable class of persons able to assert the right allegedly abridged by the defendant's acts. Defendant's argument, we believe, is an attack on the merits of the plaintiffs' claim—an attack which has no place in a motion for class certification.

controversy, may obtain a review of such decision by a civil action commenced within sixty days after such decision . . .

Thus, the statute itself furnishes the requirement that a final decision be rendered.

■ Thus, we conclude that the following class may be certified for purposes of this action:

All Puerto Rican and other Hispanic persons residing in Pennsylvania who are unable to read, write, or speak English, and who (1) have applied for Social Security or Supplemental Security Income Disability benefits; (2) have received notice of a final decision of the Secretary denying benefits; and (3) have been denied a full procedural opportunity to present and support their claims for benefits because of their inability to comprehend the English-only notices and forms used by the Social Security Administration.