30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
IN RE: GRAND JURY PROCEEDINGS.
 No. 94-1705
 United States Court of Appeals,
First Circuit.
 July 22, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge ]
 Bernard Grossberg and Erin Kelly on brief for appellant.
 D.Mass.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant has appealed from an order of the district court holding him in civil contempt for refusing, despite a grant of immunity, to testify as a witness before a grand jury. See 28 U.S.C. Sec. 1826(a). The district court, finding that the appeal was neither frivolous nor taken for delay, granted appellant's request for bail pending appeal pursuant to 28 U.S.C. Sec. 1826(b).
 
 
 2
 Appellant's position is that he should not be compelled to testify because the government's intended questioning of him would constitute an abuse of the grand jury process. The government seeks his testimony, according to appellant, for the primary purpose of assisting in the prosecution of a pending indictment. "It is well established that a grand jury may not conduct an investigation for the primary purpose of helping the prosecution prepare indictments for trial. The prosecutor at a trial, however, may use evidence incidentally gained from a grand jury primarily investigating other crimes." In re Grand Jury Proceedings, 814 F.2d 61, 70 (1st Cir. 1987) (citation omitted). See In re Maury Santiago, 533 F.2d 727, 730 (1st Cir. 1976); United States v. Doe, 455 F.2d 1270, 1273 (1st Cir. 1972).
 
 Standing
 
 3
 The threshold question, argued at length by the parties in their briefs, is whether appellant has standing to challenge the legitimacy of the grand jury's inquiry. Appellant is a mere witness, neither a target of the grand jury's investigation nor a defendant named in the pending indictment.
 
 
 4
 The Supreme Court in United States v. Calandra, 414 U.S. 338 (1974), has stated that a witness is not "entitled 'to challenge the authority of the court or of the grand jury' or 'to set limits to the investigation that the grand jury may conduct.' " Id. at 345 (quoting Blair v. United States, 250 U.S. 273, 282 (1919)). On its face, this statement could well be read to signal the view of the Supreme Court that appellant's challenge is precluded. At least one court has so interpreted the Supreme Court's language. In re Grand Jury Subpoenas of Clay, 603 F. Supp. 197, 200 (S.D.N.Y. 1985). This approach would guard against unwarranted interference with the smooth and effective functioning of the grand jury process.
 
 
 5
 On the other hand, this court in In re Maury Santiago, supra, 533 F.2d at 730, did consider a witness' claim that the prosecutor was improperly using a grand jury to prepare a pending indictment for trial and to harass the witness for his political beliefs. We noted that a recalcitrant witness lacks standing to challenge the composition of the grand jury or to contend that the grand jury's investigation did not concern matters within the subject matter jurisdiction of the federal courts. Id. Nevertheless, after holding that "[t]he courts ... retain general supervisory power over the grand jury to prevent abuse of its process ...," we entertained and rejected the witness' claims. Id.
 
 
 6
 In this case, for the reasons we will discuss below, we would reject appellant's arguments even if we were to rule that he had standing to present them. Consequently, we need not rule on the question of standing. See Norton v. Mathews, 427 U.S. 524, 530-32 (1976) (when relief is to be denied whether or not the court has jurisdiction, the jurisdictional question need not necessarily be decided).
 
 The Merits
 
 7
 We turn, therefore, to the merits. In response to appellant's claim of grand jury abuse, the district court ordered the government to file a sealed, ex parte affidavit explaining why its questioning of appellant did not have the primary purpose of assisting the prosecution of the pending indictment. The court reasoned that "[i]n view of [appellant's] evident lack of standing and the legitimate need for grand jury investigations to proceed without lengthy interruptions, no more elaborate procedure for determining the grand jury's purpose is appropriate in the circumstances of this case."
 
 
 8
 After reviewing the ex parte affidavit, signed by one of the prosecutors, the court ruled that "for present purposes ... the grand jury is not seeking [appellant's] testimony solely or primarily to obtain evidence to be used in prosecuting the pending cases against other individuals. Rather, it appears that the grand jury is properly investigating individuals who are not now the subject of any indictment, as well as possible additional, serious charges against some current defendants. There does, however, appear to be some relationship between some of the matters being investigated and the pending charges against some present defendants."
 
 
 9
 We have carefully reviewed the prosecution's affidavit. We agree with the district court that it does indeed demonstrate that the primary purpose of the government's questioning of appellant is to investigate crimes other than those charged in the indictment, both additional charges against defendants named in the indictment and charges that might be brought against other individuals.
 
 
 10
 It is true, as the district court acknowledged, that there is an overlap between some of these matters and the charges contained in the pending indictment. The prosecution could obtain information from its questioning of appellant that would aid it in prosecuting that indictment. As long as this is not the primary purpose of the questioning-and we have held for present purposes that it is not-there is nothing objectionable about this, since "[t]he prosecutor at a trial ... may use evidence incidentally gained from a grand jury primarily investigating other crimes." In re Grand Jury Proceedings, supra, 814 F.2d at 70. Should subsequent events demonstrate that, despite our current ruling, the grand jury process has been abused here, the defendants can move at trial to exclude any evidence that was obtained from appellant through abuse of the grand jury process. See In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Robert M. Simels, Esq.), 767 F.2d 26, 30 (2nd Cir. 1985); Doe, supra, 455 F.2d at 1276.
 
 
 11
 We also agree with the district court that requiring a sealed, ex parte affidavit from the prosecution, and no more, was an adequate procedure, under the circumstances of this case, to probe whether or not the prosecution was attempting to abuse the grand jury process in its interrogation of appellant. Although this procedure does deprive appellant of an opportunity to contest the contents of the sealed affidavit, the prosecution's need for secrecy here is manifest. A requirement that the district court conduct a "minitrial" in such circumstances would tend to disrupt the smooth and effective functioning of the grand jury process. Especially given the clear sufficiency of the prosecution's affidavit, no such extended procedure was necessary here. See In re Grand Jury Proceedings, supra, 814 F.2d at 72-73.
 
 
 12
 The order of the district court is affirmed.