United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-40705
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD KING, JR., also known as
Charles L. Jackson, also known
as Junior,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-93-6

---

Before GARWOOD, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Edward King, Jr., federal prisoner # 60210-079, is currently serving a 240-month term of imprisonment, to be followed by a five-year term of supervised release, for his conviction for conspiring to possess with intent to distribute cocaine. The district court

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also sentenced King to a $50,000 fine, which the judgment, entered in 1995, provided "shall be paid in full immediately."

On March 17, 2003, King filed in the sentencing court a "Petition for Release of Innocent Owner Interest in Property" ("the Petition") in the district court, seeking the removal of judgment liens filed against certain real property. The government filed its response on March 28, 2003. The district court denied the Petition on March 31, 2003. The district court on April 23, 2003 granted the Government's April 3, 2003 application for a writ of execution (on a 61.034 acre tract in Limestone County, Texas) pursuant to provisions of the Fair Debt Collection Practices Act (FDCPA), 28 U.S.C. § 3001, et seq., and the writ issued on April 24, 2003. King filed his notice of appeal in May 2003. We dismissed the appeal for failure to prosecute in September 2003, but reinstated it in November 2003.

In his appeal, King challenges the denial of the March 17, 2003 Petition and the issuance of the April 2003 writ of execution.

With respect to the April 2003 writ of execution, it appears that the case is moot. The record (pp. 332-52) reflects that on October 3, 2003, the United States filed a "Second Application for Writ of Execution" alleging that "the previous writ of execution issued on April 24, 2003 has expired" pursuant to "28 [U.S.C.] § 3203(d)(C)(i) which states that the writ shall be returned not more than 90 days after the date of issuance if levy is not made." A

2

second Writ of Execution (on the same tract as the April 24, 2003 writ) was issued October 7, 2003. King has not filed any notice of appeal subsequent to May 2003. As the April 24, 2003 writ has expired without levy all matters relating to it are moot, and the appeal as to it is dismissed as moot.

With respect to the March 31, 2003 denial of the March 17, 2003 Petition no reversible error is shown as to any contention properly and timely raised by King below and on appeal, nor is any plain error warranting reversal otherwise shown by King on this appeal. Under 18 U.S.C. § 3613(e) a criminal judgment imposing a fine constitutes "a lien," arising on the entry of the judgment, "in favor the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." Under 18 U.S.C. § 3613(d), upon filing a notice of lien "in the manner in which a notice of tax lien would be filed . . . the lien shall be valid against any purchaser, holder of a security interest, mechanic's lien or judgment lien creditor" with certain specified exceptions. King admits that in excess of $49,000 remains owing on his fine. He does not claim that any of his interest in the property is exempt. The March 17, 2003 Petition seeks, as its name implies, to release the interest of King's wife in the properties in his name from the lien. King has no standing to invoke his wife's interests, nor any authority to represent his

3

wife (and the March 17, 2003 Petition alleges nothing tending to show or even suggesting such standing or that King is authorized to represent his wife or that he is an attorney). Although the March 17, 2003 Petition does allege that one of the properties mentioned therein ("the property in Limestone County") "should be sufficient collateral for the amount of the fine," it does not assert any legal significance of that fact. King's argument on appeal concerning 28 U.S.C. § 3102(a)(2) is made for the first time on appeal and presents no clear or plain error, and hence does not warrant reversal. *Highland Ins. Co. v. National Union Fire Ins. Co.*, 27 F.3d 1027, 1031-32 (5th Cir. 1994). Indeed, that argument presents no error at all, as it is evident from section 3102(f)(3) that section 3102 deals only with *pre*-judgment attachment (section 3102 is part of "Subchapter B – Prejudgment Remedies;" postjudgment liens and remedies are addressed in sections 3201-3206, "Subchapter C – Postjudgment Remedies"). We are aware of no authority that the government's lien to secure any outstanding, unpaid portion of a fine under a final judgment of conviction may not extend to property worth more than the outstanding amount of the fine. Likewise, King's argument, made for the first time on appeal, that the existence of the lien on his property of a value in excess of the amount outstanding on his fine renders his fine or the lien a constitutionally excessive punishment presents no plain or clear error nor indeed any error at all. The district court's

4

order denying the March 17, 2003 Petition is affirmed.

The appeal is DISMISSED AS MOOT so far as it challenges the April 24, 2003 writ of execution (and/or the district court's April 23, 2003 order granting the government's motion to issue said writ); the March 31, 2003 order of the district court is AFFIRMED.[1]

---

[1] It is a close question whether King's appeal is from any final decision of the district court giving rise to our appellate jurisdiction under 28 U.S.C. § 1291. "Because [King] cannot prevail, regardless of whether we have jurisdiction, we [again] pretermit the jurisdictional issue." *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (citing *Norton v. Mathews*, 427 U.S. 524, 532 (1976)).