Stanley U. ROBINSON, III,
Plaintiff, Appellant,

v.

DEPARTMENT OF PUBLIC UTILITIES, etc., Defendant, Appellee.

No. 87–1409.

United States Court of Appeals,
First Circuit.

Submitted Oct. 9, 1987.
Decided Dec. 14, 1987.

**20**

Stanley U. Robinson, III, on brief, pro se.

Thomas A. Barnico, Asst. Atty. Gen., Dept. of Atty. Gen., and James M. Shannon, Atty. Gen., Boston, Mass., on brief, for defendant, appellee.

Before COFFIN, BREYER and SELYA, Circuit Judges.

PER CURIAM.

Stanley U. Robinson, III appeals from the district court's grant of summary judgment to defendant-appellee, the Department of Public Utilities ("D.P.U."). Robinson filed suit against the D.P.U. on grounds that his right as an electric consumer to intervene in ratemaking proceedings initiated by the Boston Edison Company had been denied. He sought declaratory and injunctive relief, continued supervision by the federal court of ratemaking proceedings, and damages.

Robinson sought to participate in a number of rate proceedings. We summarize them seriatim below.

*D.P.U. 906*

In this proceeding, the D.P.U. granted Robinson "limited participant status." He was permitted to conduct discovery and to file written memoranda or briefs. He was told that the Attorney General would be his lead counsel and that any cross-examination he might wish to conduct or documents he might wish to introduce into evidence must be done through the Attorney General. Robinson appealed the limited participant status to the Supreme Judicial Court ("S.J.C."), and the D.P.U. was upheld. *Attorney General v. Department of Public Utilities*, 390 Mass. 208, 216–17, 455 N.E. 2d 414 (1983).

*D.P.U. 1350*

Robinson was granted the same limited participant status detailed *supra*. His appeal from this decision is pending.

*D.P.U. 1720*

Robinson was again accorded "limited participant status." This decision was upheld on appeal to a single Justice of the S.J.C. (*see* M.G.L. c. 25 § 5).

*D.P.U. 84–194*

The D.P.U. granted Robinson "limited participant status" once again. In this case, however, the Attorney General supported Robinson's petition to intervene, noting that the interests of the Attorney General were not necessarily coextensive with Robinson's and that the latter was not clear that it could develop a record on Robinson's behalf. Accordingly, the D.P.

U. determined that Robinson could continue to conduct discovery and submit briefs and could cross-examine witnesses by presenting his questions to the bench. Robinson's petition for appeal to the S.J.C. was denied.

*D.P.U. 85–266 and 85–271*

Robinson was again granted "limited participant status." The record does not reflect that any appeal was taken.

*Jurisdiction*

Although it is not clear that all the decisions of which Robinson complains were properly before the district court or are properly before us, *see* 16 U.S.C. § 2633(b)(2) (if any electric consumer is denied right to intervene by *state court*, consumer may bring federal action) (emphasis added); *see also.* H.Conf.R. No. 1750, 97th Cong., 2d Sess. 84, *reprinted in* 1978 U.S. Code Cong. & Admin.News, 7659, 7797, 7818, we assume *arguendo* that we have jurisdiction, since Robinson is not entitled to relief. *See Norton v. Mathews,* 427 U.S. 524, 530–32, 96 S.Ct. 2771, 2774–76, 49 L.Ed.2d 672 (1976). In any event, the central question presented for our review—the extent of the intervention or participation to which Robinson is entitled—is raised by all the D.P.U. decisions, and at least some of these (e.g., D.P.U. 906, 1720, 84–194) were properly before the district court.

*Nature of Right to Intervene or Participate*

Title 16 U.S.C. § 2631(a) of the Public Utility Regulatory Policies Act of 1978 ("PURPA") (16 U.S.C. §§ 2601–2708) provides in relevant part that "any electric consumer ... may intervene and participate as a matter of right in any ratemaking proceeding or other appropriate regulatory proceeding relating to rates or rate design which is conducted by a State regulatory authority ... or by a nonregulated electric utility."

Robinson argues that the district court was wrong to conclude that state law determines the extent and type of participation. He relies on the House Conference Report accompanying the PURPA and insists that federal law controls the scope of his participation, and accords him greater rights than does state law.

The legislative history behind 16 U.S.C. § 2631(a) indicates that that section "creates a Federal right of participation and intervention in ratemaking proceedings." H.Conf.R. No. 1750, 97th Cong., 2d Sess. 81, *reprinted in* 1978 U.S.Code Cong. & Admin.News 7797, 7815. The Report specifies that "[t]he procedures for the type of intervention are left to State law." H.Conf.R. No. 1750, 97th Cong., 2d Sess. 82, *reprinted in* U.S.Code Cong. & Admin. News 7797, 7816. It states further that "the State regulatory authority or nonregulated utility should provide maximum opportunity under State law to participate in ongoing proceedings. Federal courts will be available to interpret the action under this provision of Federal law...." *Id.*

We do not agree with Robinson that the Report evinces an intent to define the right of participation or intervention according to federal law. Rather, we approve the district court's conclusion that PURPA leaves "the determination of the nature and extent of consumer participation to state law." This conclusion is supported by the language of the Report as well as by logic and common sense.

First, it is not clear that the simple fact of a "Federal right of participation and intervention" presupposes the substantive application of federal law. The conclusion that federal substantive law does *not* apply is particularly compelling in light of the Report's reference to state law to define "the procedures for the type of intervention." This clause cannot mean that state law determines solely the minutia of the intervention (i.e., consolidation of parties); that interpretation undermines the states' obvious interest in controlling the structure and content of ratemaking procedures. *Cf. Federal Energy Regulatory Commission v. Mississippi,* 456 U.S. 742, 765 n. 29, 102 S.Ct. 2126, 2140 n. 29, 72 L.Ed.2d 532 (1982) (in finding no Tenth Amendment violation in PURPA's requirement that states consider particular federal ratemaking standards, Court notes that "[i]t seems evident that Congress intended to defer to state

prerogatives—and expertise—in declining to pre-empt the utilities field entirely").

Next, the Report goes on to state explicitly that the state regulatory authority should provide "maximum opportunity under State law to participate in ongoing procedures." This reference to the role of state law is clear and unambiguous, and directs that state law is to control participation.

Obviously, federal law has some part to play in the "participation/intervention" issue. We think the role of federal law is to ensure that the state law defining participation and intervention comports with basic notions of fairness. PURPA's provision for federal court review of state court denials of the right to intervene—16 U.S.C. § 2633(b)(2)—is, in the circumstances here presented, properly limited to the question of whether the participation accorded this consumer by state law was fair and adequate and reasonable. We turn to that question.

*Massachusetts Law Regarding Consumer Participation in Ratemaking Proceedings*

■ The Massachusetts Administrative Procedures Act, M.G.L. c. 30A § 10(4) is applicable to ratemaking proceedings before the D.P.U. It provides that agencies may:

> allow any person showing that he may be substantially and specifically affected by the proceeding to intervene as a party in the whole or any portion of the proceeding, and allow any other interested person to participate by presentation of argument orally or in writing, or for any other limited purpose, as the agency may order.

The S.J.C. has held over and again that under this statute, the D.P.U. has broad discretion to limit intervention. *See, e.g., Attorney General v. Department of Public Utilities*, 390 Mass. 208, 216–17, 455 N.E.2d 414 (1983); *Boston Edison Company v. Department of Public Utilities*, 375 Mass. 1, 45, 375 N.E.2d 305, *cert. denied*, 439 U.S. 921, 99 S.Ct. 301, 58 L.Ed.2d 314 (1978); *City of Newton v. Department of Public Utilities*, 339 Mass. 535, 543 n. 1 (1959). This discretion "was obviously intended to permit the department to control the extent of participation by persons not sufficiently and specifically interested to warrant full participation, which might interfere with complicated regulatory processes." *Id. Cf. Boston Edison Company*, 375 Mass. at 46, 375 N.E.2d 305 (although D.P.U. did not abuse its discretion in permitting Robinson's intervention, in light of fact that his cross-examination alone took up 900 pages of a 4,700 page transcript, D.P.U. should permit similarly extensive participation by an intervenor "only if careful consideration discloses special circumstances in justification"). Our immediate concern, then, is whether the participation granted Robinson, and upheld by both the S.J.C. and the district court, was reasonable under the circumstances.

The record reveals that in all of the rate proceedings, Robinson was permitted to conduct discovery and to file written memoranda or briefs. He was permitted as well to conduct cross-examination, either through the Attorney General or by submitting questions directly to the bench. We cannot agree that this limited participation was in violation of any federal statutory or constitutional right. Robinson was not, as he claims, denied the right to present *evidence;* he was simply not permitted to testify or produce witnesses on his behalf. Nor was he denied the right to cross-examine witnesses; this right was simply conditioned on his submission of questions to the Attorney General or the bench. Nothing in the record suggests that Robinson's briefs or memoranda or his cross-examination questions were ignored. That his activities failed to produce the result he desired does not, of course, require the conclusion that his rights were abridged.

*Conclusion*

We agree with the district court's conclusion that 16 U.S.C. § 2631(a) is dependent on state law to define the nature and extent of consumer participation in ratemaking proceedings. The limited participation status accorded Robinson in these cases was fair and reasonable under the circum-

stances. Accordingly, the district court's decision is *affirmed.*