Marlyn **RODRIGUEZ–FELICIANO,** et al., Plaintiffs

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY,** et al., Defendants.

**Civil No. 06–2202 (JP).**

United States District Court, D. Puerto Rico.

April 13, 2007.

Nicolás Nogueras–Cartagena, Pedro J. Landrau–López, Nicolás Nogueras Law Offices, San Juan, PR, for Plaintiffs.

José L. Ramírez–Coll, Fiddler, González & Rodríguez, Agnes I. Cordero, U.S. Attorney's Office, San Juan, PR, for Defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it Defendant Puerto Rico Electric Power Authority's ("PREPA") Motion to Dismiss (No. 26), and Plaintiffs' response thereto (No. 39). The Court also has before it Defendant United States of America's Motion to Dismiss (No. 41), and Plaintiffs' response thereto (No. 42). Plaintiffs Marlyn Rodríguez–Feliciano ("Rodríguez"), Emilio Orria–Crus ("Orria") and Emilia Parrilla–Figueroa ("Parrilla") filed the instant Complaint alleging that Defendant PREPA has been violating the Public Utility Regulatory Policies Act ("PURPA") by illegally overcharging its customers in an amount estimated by the Office of the Puerto Rico Comptroller to be at least $49.8 million. Plaintiffs further allege that Defendants failed to comply with PURPA's requirements to hold mandatory hearings on PREPA's rate structure, and therefore Plaintiffs were illegally excluded from said hearings.

Both Defendant PREPA and Defendant United States of America argue in their motions to dismiss that the Court lacks subject matter jurisdiction under PURPA, 16 U.S.C. § 2633, which limits federal jurisdiction over actions arising under PURPA.

For the reasons stated herein, the Court **GRANTS** Defendants' motions to dismiss.

### I. *FACTUAL ALLEGATIONS*

In their Amended Complaint, Plaintiffs allege that on October 11, 1994, and on March 10, 1995, Defendant PREPA entered into contracts with private cogenerators of electricity to purchase their electric energy. Plaintiffs allege that in June 2000, with the intent of covering its costs in the purchase of electric energy from the two cogenerators, PREPA added to customer bills a formula known as "Adjustment Clause for the Purchase of Energy." This clause was an addition to two pre-existing clauses for the basic rate and for the adjustment for the purchase of fuel. Plaintiffs allege that the new adjustment clause for the purchase of energy from the cogenerators covers the estimated monthly cost of billing for the purchase of electric energy from the cogenerators, an eleven percent factor for the impact of taxes paid to the state and municipal governments, and an amount for the estimated net generation and efficiency factor, known as E.I. Plaintiffs allege that none of the fuel and power components of the rates and standards were subject to adequate and effective consumer notice, nor was a hearing held, both of which are required under PURPA. *See* 16 U.S.C. §§ 2623(a), 2631(a). Further, Plaintiffs allege that no procedure is in place for termination of

services to handicapped or elderly customers, which is also required under PURPA. *See* 16 U.S.C. § 2625(g). Plaintiffs also allege that PREPA violates PURPA by calculating the cost of energy with reference to costs of production by cogenerators rather than what the cost would be if PREPA produced the energy itself.

From July 1998 to December 2003, PREPA's electrical energy sales totaled $11,849,497,695. Of those sales, $1,527,945,086 corresponded to electric energy PREPA purchased from the cogenerators. Plaintiffs allege that Defendant PREPA applied the variable costs of power generation to the total sales to consumers; even though PREPA does not incur invariable costs of generation over the acquired electric energy and sold to customers. Plaintiffs allege PREPA violated PURPA by including variable costs as part of the basic rate, without notifying consumers and without the holding of necessary hearings. Plaintiffs allege that the Office of the Comptroller of Puerto Rico determined in an audit report, CP04–24, dated May 31, 2004, that PREPA violated its customers' legal and constitutional rights by establishing excessive and arbitrary rates for its services. Since the Comptroller's Report was issued, PREPA has continued overcharging its customers and threatening them with disconnection if they do not pay the illegal charges.

Plaintiffs allege that several PREPA customers have filed a civil action against PREPA in state court in Puerto Rico. The law suit was allegedly delayed by the appointment of a steering committee which has been acting against the interests of the customers.

## II. *LEGAL STANDARD FOR A MOTION TO DISMISS*

According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). According to the First Circuit, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano de Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. *ANALYSIS*

Defendants argue that under PURPA, the Court lacks subject matter jurisdiction over Plaintiffs' claims. Plaintiffs argue that PURPA's section limiting federal jurisdiction over actions arising under PURPA is unconstitutional under Article III, Section 2 of the U.S. Constitution. In the alternative, Plaintiffs argue that this Court is vested with jurisdiction over their claims under 16 U.S.C. § 2633(b) and (c), which provide for limited federal jurisdiction for review and enforcement of intervention right.

## A. CONSTITUTIONALITY OF PURPA'S JUDICIAL REVIEW SECTION

Title 16 U.S.C. § 2633 limits federal jurisdiction over actions arising under PURPA as follows:

Notwithstanding any other provision of law, no court of the United States shall have jurisdiction over any action arising under any provision of subtitle A or B [16 USCS §§ 2611 et seq., 2621 et seq.] or of this subtitle [16 USCS §§ 2631 et seq.]. . . . [1]

16 U.S.C. § 2633. Plaintiffs argue that § 2633 is unconstitutional because it deprives federal courts of jurisdiction to which they are entitled under Article III, § 2 of the U.S. Constitution. Section 2 states in pertinent part: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. Const. Art. III, § 2. However Article III also vests Congress with the power to establish "inferior Courts." U.S. Const. Art. III, § 1. The Supreme Court has interpreted Section 1 to give Congress the power "of investing [inferior courts] with jurisdiction either limited, concurrent or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good." *Lockerty v. Phillips*, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943) (internal citations omitted). The Supreme Court has also stated that, "[o]nly the jurisdiction of the U.S. Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922). The Court holds that Congress acted within its constitutional authority in promulgating the federal court jurisdiction restrictions for 16 U.S.C. § 2633, and declines to deem the Section unconstitutional.

## B. FEDERAL JURISDICTION UNDER PURPA

■ In the alternative, Plaintiffs argue that the Court has jurisdiction to hear this case under the limited exceptions to 16 U.S.C. § 2633. Specifically, Plaintiffs cite 16 U.S.C. §§ 2633(b) and 2633(c)(2) in support of their jurisdiction argument. Section 2633(b) is entitled "Enforcement of intervention right," and states as follows:

(1) The Secretary may bring an action in any appropriate court of the United States to enforce his right to intervene and participate under section 121(a) [16 USCS § 2631(a)], and such court shall have jurisdiction to grant appropriate relief.

(2) If any electric utility or electric consumer having a right to intervene under section 121(a) [16 USCS § 2631(a)] is denied such right by any State court, such electric utility or electric consumer may bring an action in the appropriate United States district court to require the State regulatory authority or nonregulated electric utility to permit such intervention and participation, and such court shall have jurisdiction to grant appropriate relief.

(3) Nothing in this subsection prohibits any person bringing any action under this subsection in a court of the United States from seeking review and enforcement at any time in any State court of any rights he may have with respect to any motion to intervene or participate in any proceeding.

16 U.S.C. § 2633(b). None of the provisions in this Section apply to Plaintiffs' case. Section 2633(b)(1) applies only to actions brought by the Secretary, not electric customers. Section 2633(b)(2) applies only where a state court has denied intervention. Here, Plaintiffs allege that an

---

1. The statute then provides for limited excep- tions, which will be discussed infra.

action was filed by electric customers in the state court, and that the state court appointed a steering committee which is acting against their interest. Am. Compl. ¶ 31. The suit in state court is ongoing. Plaintiffs do not allege that the state court denied electric consumers the right to intervene, as required by this part of the statute. Section 2633(b)(3) provides for review and enforcement in a state court, which is not applicable.

■ Plaintiffs also argue this Court has jurisdiction under § 2633(c)(2). Section 2633(c)(2) provides:

Any person (including the Secretary) may obtain review in the appropriate court of the United States of any determination made under subchapter I or II of this chapter or this subchapter by a Federal agency if such person (or the Secretary) intervened or otherwise participated in the original proceeding or if otherwise applicable law permits such review. Such court shall have jurisdiction to grant appropriate relief. Any person (including the Secretary) may bring an action to enforce the requirements of subchapter I or II of this chapter or this subchapter with respect to any Federal agency in the appropriate court of the United States and such court shall have jurisdiction to grant appropriate relief.

16 U.S.C. § 2633(c)(2). Because PREPA is not a federal agency, this Section likewise does not grant jurisdiction to this Court to hear Plaintiffs' claims.

First Circuit jurisprudence supports this Court's determination that it lacks subject matter jurisdiction over Plaintiffs' claims. In *Robinson v. Dept. of Public Utilities,* the First Circuit explained that "the role of federal law [in the participation/intervention issue] is to ensure that the state law defining participation and intervention comports with basic notions of fairness."

835 F.2d 19, 22 (1st Cir.1987). The First Circuit further explained that:

PURPA's provision for federal court review of state court denials of the right to intervene—16 U.S.C. § 2633(b)(2)—is, in the circumstances here presented, properly limited to the question of whether the participation accorded this consumer by state law was fair and adequate and reasonable.

*Id.* In *Robinson,* the plaintiff was not permitted to testify or produce witnesses on his behalf in ratemaking proceedings initiated by the Boston Edison Company. *Id.* He also was not allowed to cross-examine witnesses directly, but could submit cross-examination questions to the Attorney General or the bench. *Id.* The plaintiff was, however, permitted to conduct discovery and to file written memoranda or briefs. *Id.* The First Circuit held that Robinson's "limited participation status . . . was fair and reasonable under the circumstances." *Id.* The First Circuit further opined that the fact that his participation "failed to produce the result he desired does not, of course, require the conclusion that his rights were abridged." *Id.*

Similarly, the Plaintiffs' mere dissatisfaction with the proceedings before the steering committee appointed by the State Court does not confer jurisdiction on this Court over Plaintiffs' claims. In the ongoing action before state court, the parties thereto are afforded all the procedural rights and protections of the Puerto Rico and United States Constitutions. Plaintiffs are permitted to file pleadings, conduct discovery, and present evidence at trial. Plaintiffs have not alleged that any of these rights have been abridged by the state court. That the appointment of a steering committee in state court might inconvenience Plaintiffs simply does not

authorize the intervention of this Court under PURPA, 16 U.S.C. Section 2633(b).

## IV.  *CONCLUSION*

The Court lacks subject matter jurisdiction over Plaintiffs' claims, and therefore grants Defendants' motions to dismiss.

**IT IS SO ORDERED.**